[962 NYS2d 34]

In the Matter of JUDITH DILLON SEGRETI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 19, 2013

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Sarah Diane McShea,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Judith Dillon Segreti was admitted to the practice of law in the State of New York by the First Judicial Department on February 14, 1972. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent, who is under investigation by petitioner the Departmental Disciplinary Committee for alleged misconduct, contends that she cannot adequately defend herself before the Committee because of "mental and physical incapacity." She moves pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (c) (1) for an order suspending her from the practice of law based on her incapacity, staying the Committee's investigation sine die, and quashing the judicial subpoena previously issued by this Court, which directed respondent to testify before the Committee at a deposition. The Committee objects to suspending respondent for her alleged incapacity, and, by cross motion, seeks an order instead suspending her "based on uncontested evidence of misconduct" that "immediately [threatens] the public interest" (*see* Rules of App Div, 1st Dept [22 NYCRR] § 603.4 [e] [1] [iii]). In the alternative, the Committee requests that this Court direct an evaluation of respondent's alleged infirmities.

In or about March 2011, the Committee commenced an investigation of respondent after her law firm reported her for alleged misconduct. Also, proceedings were commenced in both Surrogate's Court and Supreme Court that involved the misconduct allegations against respondent.

In April 2012, after the Committee served respondent with a subpoena to appear but before her scheduled appearance, she filed the instant motion, by which she claims that she is physically and mentally unable to defend herself before the Committee and seeks suspension based on incapacity. Respondent states that she stopped practicing law in October 2010 and formally retired in March 2011, by which time her health problems

prevented her from practicing. In support of her disability claim, respondent submits a letter from her psychiatrist stating that she suffers from severe anxiety and depression that renders her unfit to assist in her defense in the Committee proceeding and incapable of practicing law "now or, likely, in the future." Respondent also submits a letter from her internist stating she has a number of medical problems, most significantly a history of subarachnoid bleeding caused by "poorly controlled" hypertension, and that requiring her appearance before the Committee "would potentially" create additional health problems.

In opposition to respondent's motion, the Committee contends that the timing of the application suggests that respondent wishes to avoid disciplinary proceedings that may lead to her disbarment and publication of her misconduct. The Committee further argues that respondent's disability claim is belied by her competent performance as a fiduciary in various matters between June 2011 and April 2012 and by her participation in the ongoing court proceedings that involve her alleged misconduct.

The Committee does not oppose respondent's immediate suspension, but in its cross motion asserts that respondent should be suspended for misconduct. The Committee claims that it has uncontested evidence establishing that in 2002 respondent misappropriated about $30,000 from a client's custodial account and used the money to cover expenses in an unrelated estate matter. The Committee also contends that respondent does not contest that, in connection with an estate matter, she falsely notarized the signature of two individuals who were already deceased and filed the document with the New York County Surrogate's Court.

Subdivision (c) (1) of the Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 provides that if the respondent in an ongoing disciplinary proceeding claims to be suffering from "a disability by reason of physical or mental infirmity or illness" which makes self-defense impossible, this Court "shall" suspend the respondent from practicing law "until a determination of the respondent's capacity to continue the practice of law is made in a proceeding instituted in accordance with the provisions of [Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (b)]." Subdivision (b), which applies to petitions by the Committee to this Court "to determine whether an attorney is incapacitated from continuing to practice law by

reason of physical or mental infirmity or illness," provides that this Court may take or direct any action deemed necessary or proper to determine whether the attorney is incapacitated. Upon determining incapacity, this Court shall suspend the attorney indefinitely and until our further order, and "any pending disciplinary proceedings against the attorney shall be held in abeyance" (22 NYCRR 603.16 [b]).

Here, respondent's contention that her medical disability prevents her from adequately defending herself in proceedings before the Committee requires her immediate suspension from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (c) (1), and accordingly the branch of the motion which seeks suspension is granted. However, the branches seeking an order staying the Committee's investigation and quashing the subpoena served upon respondent are held in abeyance pending a determination whether she can defend herself.

While the medical evidence that respondent submitted constitutes some evidence of her general incapacity, it does not conclusively demonstrate that she is incapable of defending herself in that she has continued to work as a fiduciary. For that reason, the Court seeks a further examination by qualified physicians.

Thus, the cross motion to suspend respondent for misconduct is held in abeyance pending a determination whether respondent's incapacity prevents her from adequately defending herself against those claims.

For the reasons set forth, it is ordered that so much of the motion by respondent which seeks her suspension pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (c) (1) is granted, and respondent is suspended from the practice of law in the State of New York, effective immediately, and until a determination of respondent's capacity is made in proceedings instituted in accordance with Rules of the Appellate Division, First Department (22 NYCRR) § 603.16 (b), and until further order of this Court. So much of the motion which seeks to stay petitioner's investigation into allegations of misconduct by respondent, and to quash the judicial subpoena ad testificandum dated April 16, 2012 and issued by this Court, is held in abeyance pending a determination as to respondent's ability to adequately defend herself in proceedings before petitioner and until further order of this Court.

So much of the cross motion by petitioner seeking an order suspending respondent pursuant to Rules of the Appellate Divi-

sion, First Department (22 NYCRR) § 603.4 (e) (1) (iii) is held in abeyance pending a determination as to respondent's ability to adequately defend herself in proceedings before petitioner and until further order of this Court.

Within 30 days from the date of service upon respondent of a copy of this order, respondent shall submit to an examination by an expert or experts selected by petitioner, which expert or experts shall submit a report to the Chief Counsel of petitioner as soon as practicable with respect to respondent's alleged mental and physical incapacity and its effect on her ability to practice law and to adequately defend herself in proceedings before petitioner.

FRIEDMAN, J.P., SAXE, RENWICK, DEGRASSE and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, for an indefinite period, as indicated, and proceeding held in abeyance until further order of this Court. Stay and other relief held in abeyance, as indicated. Cross motion to suspend respondent pursuant to 22 NYCRR 603.4 (e) (1) (iii) held in abeyance, as indicated.